## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL KENT, Individually and On Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. _____<br>) |
| v. | ) JURY TRIAL DEMANDED<br>) |
| AVEDRO, INC., GIL KLIMAN, DONALD J. ZURBAY, JONATHAN SILVERSTEIN, HONGBO LU, GARHENG KONG, THOMAS W. BURNS, REZA ZADNO, ROBERT J. PALMISANO, GLAUKOS CORPORATION, and ATLANTIC MERGER SUB, INC., | ) CLASS ACTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.  This action stems from a proposed transaction announced on August 7, 2019 (the "Proposed Transaction"), pursuant to which Avedro, Inc. ("Avedro" or the "Company") will be acquired by Glaukos Corporation ("Parent") and Atlantic Merger Sub, Inc. ("Merger Sub," and together with Parent, "Glaukos").

2.  On August 7, 2019, Avedro's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Glaukos. Pursuant to the terms of the Merger Agreement, Avedro's stockholders will receive 0.365 shares of Glaukos common stock for each share of Avedro

common stock they own.

3. On September 17, 2019, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Avedro common stock.

9. Defendant Avedro is a Delaware corporation and maintains its principal executive offices at 201 Jones Road, Waltham, Massachusetts 02451. Avedro's common stock is traded on

the NASDAQ Global Select Market under the ticker symbol "AVDR."

10. Defendant Gil Kliman ("Kliman") is a director of the Company. Kliman is a member of the Glaukos board of directors.

11. Defendant Donald J. Zurbay is a director of the Company.

12. Defendant Jonathan Silverstein is a director of the Company.

13. Defendant Hongbo Lu is a director of the Company.

14. Defendant Garheng Kong is a director of the Company.

15. Defendant Thomas W. Burns ("Burns") is a director of the Company. Burns is a member of the Glaukos board of directors.

16. Defendant Reza Zadno is President, Chief Executive Officer, and a director of the Company.

17. Defendant Robert J. Palmisano is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

20. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Avedro (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22. This action is properly maintainable as a class action.

23.     The Class is so numerous that joinder of all members is impracticable.  As of August 5, 2019, there were approximately 17,135,084 shares of Avedro common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

28.     Avedro is a leading hybrid ophthalmic pharmaceutical and medical technology

company focused on treating corneal disease and disorders and improving vision to reduce dependency on eyeglasses or contact lens.

29. The Company's proprietary bio-activated pharmaceuticals strengthen, stabilize, and reshape the cornea to treat corneal ectatic disorders and correct refractive conditions.

30. Avedro's suite of single-use drug formulations are applied to the cornea and bio-activated to induce a reaction called corneal collagen cross-linking.

31. On August 7, 2019, Avedro's Board caused the Company to enter into the Merger Agreement with Glaukos.

32. Pursuant to the terms of the Merger Agreement, Avedro's stockholders will receive 0.365 shares of Glaukos common stock for each share of Avedro common stock they own.

33. According to the press release announcing the Proposed Transaction:

> Glaukos Corporation (NYSE: GKOS), an ophthalmic medical technology and pharmaceutical company focused on novel therapies for the treatment of glaucoma, corneal disorders and retinal diseases, and Avedro, Inc. (Nasdaq: AVDR), a leading hybrid ophthalmic pharmaceutical and medical technology company focused on treating corneal disease and disorders, today announced that the companies have entered into a definitive merger agreement under which Glaukos will acquire Avedro in an all-stock transaction. The transaction, which is subject to Avedro stockholder approval along with other customary closing conditions and regulatory approvals, has been approved by the board of directors of both companies and is expected to be completed in the fourth quarter of 2019. . . .
>
> Transaction Terms and Approvals
>
> Under the terms of the merger agreement, for each share of Avedro common stock they own, Avedro shareholders will receive an exchange ratio equivalent of 0.365 shares of Glaukos stock.
>
> Based on the parties' volume weighted average prices ("VWAPs") for the last 60 trading days prior to August 6, 2019, the transaction represents a 42% premium for Avedro shareholders. Upon closing, Glaukos shareholders are expected to own approximately 85% of the combined company, with Avedro shareholders expected to own the remaining 15%.

The transaction is subject to customary closing conditions and regulatory approvals, including approval of the merger by stockholders of Avedro. Certain shareholders of Avedro, including OrbiMed, HealthQuest and LAV Agile, which collectively own approximately 41% of the outstanding shares of Avedro common stock, have entered into voting agreements to vote in favor of the transaction.

Advisors

Perella Weinberg Partners LP is serving as financial advisor to Glaukos, and O'Melveny & Myers LLP is serving as its legal advisor. Guggenheim Securities is serving as financial advisor to Avedro and Cooley LLP is serving as its legal advisor.

*The Registration Statement Omits Material Information*

34. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

35. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction.

36. First, the Registration Statement omits material information regarding the Company's, Glaukos', and the combined company's financial projections.

37. With respect to the Company's financial projections, the Registration Statement fails to disclose: (i) for each set of projections, all line items used to calculate EBIT and NOPAT; (ii) the Avedro Probability of Success Adjusted Pipeline Projections and all underlying line items; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

38. With respect to Glaukos' financial projections, the Registration Statement fails to disclose: (i) for each set of projections, all line items used to calculate EBIT and NOPAT; (ii) the Glaukos Probability of Success Adjusted Base Projections Prepared by Avedro Management and all underlying line items; (iii) the Glaukos Probability of Success Adjusted Pipeline Projections Prepared by Avedro Management and all underlying line items; and (iv) a reconciliation of all non-GAAP to GAAP metrics.

39. With respect to the combined company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate NOPAT and unlevered free cash flow; (ii) EBIT and all underlying line items; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

40. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

41. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Guggenheim Securities, LLC ("Guggenheim").

42. With respect to Guggenheim's Avedro Discounted Cash Flow Analyses, the Registration Statement fails to disclose: (i) the terminal values used in the analysis; and (ii) the individual inputs and assumptions underlying the discount rate range of 12.25%-14.75% and the perpetual growth rate range of 2.0%-3.0%.

43. With respect to Guggenheim's Glaukos Discounted Cash Flow Analyses, the Registration Statement fails to disclose: (i) the terminal values used in the analysis; and (ii) the individual inputs and assumptions underlying the discount rate range of 9.75%-12.25% and the perpetual growth rate range of 2.0%-3.0%.

44. With respect to Guggenheim's PF Synergized Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the terminal values used in the analysis; and (ii) the individual inputs and assumptions underlying the discount rate range of 9.75-12.25% and the perpetual growth rate of 2.5%.

45. With respect to Guggenheim's Avedro's and Glaukos' Wall Street Equity Research Analyst Stock Price Targets analyses, the Registration Statement fails to disclose: (i) the individual price targets observed by Guggenheim in the analyses; and (ii) the sources thereof.

46. With respect to Guggenheim's Precedent One-Day Stock Price Premiums analysis, the Registration Statement fails to disclose the individual premiums for the transactions observed by Guggenheim in the analysis.

47. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

48. Third, the Registration Statement omits material information regarding potential conflicts of interest of Guggenheim.

49. The Registration Statement fails to disclose the amount of compensation Guggenheim received for the past services it provided to Avedro.

50. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

51. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Avedro Board Recommendation and Its Reasons for the Merger; (iii) Opinion of Financial Advisor to Avedro; and (iv) Certain Information Provided by the Parties.

52. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

# COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Avedro

53. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

54. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Avedro is liable as the issuer of these statements.

55. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

56. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

57. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

58. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

59. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

60. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Glaukos

61. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

62. The Individual Defendants and Glaukos acted as controlling persons of Avedro within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Avedro and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

63. Each of the Individual Defendants and Glaukos was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

64. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

65. Glaukos also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

66. By virtue of the foregoing, the Individual Defendants and Glaukos violated Section 20(a) of the 1934 Act.

67. As set forth above, the Individual Defendants and Glaukos had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.    Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: October 1, 2019

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com